# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | No. 1:24-cv-00165-JAW |
| 9 ST. ALBANS ROAD, CORINNA, MAINE, with all appurtenances and improvements thereon, | |
| Defendant *In Rem*. | |

## UNITED STATES' MOTION FOR
## WRIT OF ENTRY FOR INVENTORY AND INSPECTION

Plaintiff, the United States of America, by its attorneys Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, hereby moves this Court for the issuance of a Writ of Entry for the purpose of conducting an inventory, inspection, and appraisal of the following real property:

| Address | City/Town | Owner of Record | Map/Lot or Parcel ID | Deed Book/Page |
|---|---|---|---|---|
| 9 St. Albans Road | Corinna | 336 APEX INC. | 18/52 | 15936/164 |

(the "Defendant In-Rem Property"), pursuant to 18 U.S.C. §§ 983(j)(1)(A) and 985(b)(2).

1.     Title 18, United States Code, Section 985 provides that forfeitures of real property are initiated by filing a complaint, posting notice on the property, and serving the property owner with a copy of the complaint. No other action needs to be taken to give the court jurisdiction over the property. 18 U.S.C. § 985(c)(3).

2.     On May 9, 2024, the United States filed a Complaint for Forfeiture in

Rem against the real property located at 9 St. Albans Road, Corinna, Maine. The complaint alleged that the property was used and maintained for the purpose of manufacturing and distributing marijuana. It further alleged that 336 Apex, Inc., the owner of record for the property, managed and controlled the Defendant In-Rem Property as an owner and occupant and knowingly and intentionally profited from and made available for use the place for the purpose of unlawfully manufacturing, storing, and distributing marijuana.

3. On June 27, 2024, a copy of the Complaint, Notice of Forfeiture (in English and Chinese), and a copy of the Lis Pendens relating to this matter were posted on the Defendant In-Rem Property by the United States Marshals Service. On June 7, 2024, copies of the same documents were served via certified mail on potential claimants 336 Apex, Inc. and its owner, Wen Hui Li, as well as on a potential lessee of the property, Jing Zheng. On June 25, 2024, Acceptance of Service forms were received at the U.S. Attorney's Office signed by Wen Hui Li, on behalf of 336 Apex, Inc., as well as by Wen Hui Li, personally. Both forms included a note indicating that they would not be filing a claim. U.S. Postal Service tracking documentation confirmed that the letter sent to Jing Zheng at his address in Livermore Falls, Maine, was picked up at the post office on June 11, 2024.

4. Subsection 985(b)(2) explicitly allows for a Writ of Entry to be executed "for the purpose of conducting an inspection and inventory of the property," and further provides that execution of such a Writ of Entry "shall not be considered a seizure."

5. The need to inspect the premises is especially important where the property is only constructively seized, as is the case here. This inspection should, among

other things, enable the United States to appraise the condition and value of the property, and permit the United States to take an inventory of the property, including the use of still and video photography of the premises. Moreover, as provided in 18 U.S.C. § 983(j)(1), the court has broad discretion to enter protective orders and to "take any other action" in order to "secure, maintain or preserve the availability of property subject to civil forfeiture." Without such an inspection at the outset of the case, it would be difficult to "secure, maintain or preserve the availability of property" that is subject to forfeiture because there would not be a record documenting the property's condition.

6. Finally, the provisions of 18 U.S.C. § 2232(b) make it a crime for anyone to take any action that would impair the Court's in rem jurisdiction over property that is subject to forfeiture. Thus, the Writ of Entry should also provide that any interference with its execution shall be deemed a violation of a Court order, and punishable as a contempt in violation of 18 U.S.C. § 2232. A proposed Writ is appended hereto.

WHEREFORE, for all the above reasons, the United States requests that the Court issue a Writ of Entry to permit the inspection, inventory, and appraisal of the Defendant In-Rem Property located at 9 St. Albans Road, Corinna, Maine.

Dated at Bangor, Maine this 3rd day of July, 2024.

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

 /s/ ANDREW K. LIZOTTE
Andrew K. Lizotte
Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401
(207) 262-4636
Andrew.Lizotte@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2024, I caused the foregoing Motion to be electronically filed with Clerk of Court using the CM/ECF system, which sent such notice to any individuals and entities who have entered appearances in this case to date, pursuant to the Court's ECF system.

I hereby further certify that I have caused copies of the foregoing Motion to be sent to all potential claimants via U.S. Mail.

                                          DARCIE N. MCELWEE
                                          United States Attorney

                                          /s/ ANDREW K. LIZOTTE
                                          Andrew K. Lizotte
                                          Assistant U.S. Attorney
                                          United States Attorney's Office
                                          202 Harlow Street
                                          Bangor, Maine 04401
                                          (207) 262-4636
                                          Andrew.Lizotte@usdoj.gov